IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAPHNE RENE SHORT, Surviving Spouse and Next of Kin for Jeffery Short, deceased,<br><br>Plaintiff,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No:_____ |

## COMPLAINT

Comes now the Plaintiff, Daphne Rene Short, by and through undersigned counsel, and for her cause of action against the Defendant states as follows:

## INTRODUCTION

1. This action is brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 – 2680. Plaintiff seeks compensatory damages arising from the death of Jeffery L. Short which resulted from the negligent care and treatment of Mr. Short by the employees and agents of the United States Department of Veterans Affairs at the Veterans Administration Tennessee Valley HealthCare System – Nashville hospital in Nashville, Tennessee, under circumstances where the United States, if a private person, would be liable to the Plaintiff under the laws of the State of Tennessee.

## PARTIES AND JURISDICTION

2. Plaintiff, Rene Short, is an adult citizen and resident of Marshall County, Tennessee. Mrs. Short is the surviving spouse of Jeffery Short and, as such, is the Next of Kin

pursuant to Tenn. Code Ann. 20-5-101 *et seq*. Plaintiff is the proper party to bring this action for the wrongful death of her husband pursuant to Tenn. Code Ann. § 20-5-107.

3. The Defendant is the United States of America. "Defendant" referenced in this Complaint refers to the United States of America, its divisions, agencies, branches, officers, agents, employees, and representatives, including but not limited to The United States Department of Veterans Affairs. The United States Department of Veterans Affairs controls, staffs, and operates healthcare facilities throughout the United States. At all times pertinent hereto, the Department of Veterans Affairs owned, managed, staffed, and controlled the Tennessee Valley Healthcare System (TVHS), including the TVHS Nashville campus hospital referred to herein as the "VA Medical Center – Nashville." System failures at the VA Medical Center – Nashville in November of 2019 resulted in Jeffery Short receiving negligent care and treatment which ultimately resulted in his death.

4. The Defendant, United States of America, may be served with process pursuant to Rule 4(i) of the Federal Rules of Civil Procedure by serving copies of the Summons and Complaint on Donald Q. Cochran, United States Attorney for Middle District of Tennessee, 110 9th Avenue South, Suite A-961, Nashville, Tennessee 37203, to the attention of the Civil Process Clerk; and by serving a copy of the Summons and Complaint by certified mail on the Attorney General for the United States of America, Monty Wilkinson, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001, Attention Civil Process Clerk.

5. On or about July 1, 2020, pursuant to 28 U.S.C. § 2675, an administrative claim on behalf of Plaintiff for damages and death of Jeffery Short was presented to the appropriate government agency, including the United States Department of Veterans Affairs.

6. By letter dated July 22, 2020, the Department of Veterans Affairs acknowledged receipt of Plaintiff's administrative tort claim and SF 95as being received on July 8, 2020.

7. The Department of Veterans Affairs failed to make a final disposition on Plaintiff's administrative claim within six (6) months of presentment, which is deemed a denial of Plaintiff's claim, pursuant to 28 U.S.C. § 2675(a).

8. This Court has original subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 – 2680, herein referred to as the Federal Tort Claims Act, which vests exclusive subject matter jurisdiction over tort claims against the United States with the United States District Courts.

9. Venue is proper with this Court, pursuant to 28 U.S.C. §§ 1391(e) and 1402(b), in that the acts and/or omissions which give rise to this action occurred in Nashville, Davidson County, Tennessee.

## FACTUAL BACKGROUND

10. Jeffery Short was admitted to the VA Medical Center – Nashville on November 11, 2019 for treatment of acute pancreatitis, and he remained as an inpatient at that facility until his discharge on November 17, 2019.

11. The patient's hospital admission was complicated by several conditions, including unexplained, persistent tachycardia, hypocalcemia, acute urinary retention, ileus, demand-related Type II Non-ST Elevated Myocardial Infarction, and cellulitis of the left hip and abdominal area.

12. Mr. Short's initial hospital treatment appropriately involved fluid replacement, pain management, calcium supplementation, liquid diet, and medical monitoring.

13. Throughout his admission, Mr. Short continued to exhibit tachycardia, *i.e.*, an elevated heart rate. Ultimately, out of concern for his persistent tachycardia in the setting of

atypical chest pain on November 13, 2019, Mr. Short was evaluated by cardiology and it was determined that he likely suffered a type of heart attack described as a "demand-related" Type II Non-ST Elevated Myocardial Infarction during his admission.

14. Mr. Short received daily lab tests during his hospital admission which recorded, among other values, his White Blood Cell count ("WBC") and his Absolute Neutrophil Count ("NEUT ABS"). Higher than normal WBC and Absolute Neutrophil Count levels which are trending upward over time are indicative of acute infection.

15. Although Mr. Short's WBC and NEUT ABS levels were elevated initially during his admission, they returned to normal levels by November 14, 2019. However, toward the end of Mr. Short's hospitalization, these levels began to rise again, which indicated potential for a new-onset acute infection. Specifically, Mr. Short's WBC count and Absolute Neutrophil Count for the last four days of his admission were as follows:

```
11/14/2019:  WBC: 5.23        NEUT ABS: 4.19
11/15/2019:  WBC: 5.74        NEUT ABS: 4.51
11/16/2019:  WBC: 10.8 High   NEUT ABS: 9.16 High
11/17/2019:  WBC: 17.84 High  NEUT ABS: 15.61 High
```

16. The medical records over this period of time do not reflect that VA doctors or nurses took any action with respect to these abnormal lab findings or otherwise undertook any effort to investigate whether Mr. Short was suffering from an acutely worsening infection.

17. In addition to Mr. Short's concerning lab values, charting over the last several days of his hospitalization indicated that Mr. Short was suffering from worsening abdominal distention accompanied by persistent nausea and vomiting despite intravenous administration of anti-emetic medications.

4

18. In the early morning hours of November 16, 2019, nursing documentation indicates that Mr. Short's nurse sent a communication to providers stating, "I am concerned that Pt's abdomen is increasingly distended last 24 hours . . . will you please inform primary team and ask them to evaluate." Later that morning, nursing pain assessments noted that Mr. Short rated his abdominal pain at 8 out of 10 and requested additional pain medications.

19. On the afternoon of November 16, 2019, physician documentation noted that the patient was very frustrated with his lack of progress and that he felt his abdomen was very distended and was unsure why. At that time, doctors also noted that Mr. Short developed increasing redness over his left flank and abdomen, which providers believed to be cellulitis. The physician's physical exam findings at that time confirmed "significant distention" of the abdomen with tenderness to palpation.

20. During the evening hours of November 16, 2019, Mr. Short continued to complain of pain and significant nausea and vomiting. Nursing communication records from that night indicate that Mr. Short continued to exhibit nausea and vomiting despite administration of intravenous anti-emetic medication, Zofran, and that nursing requested that physicians consider additional PRN medication for the patient's worsening nausea and pain.

21. Mr. Short's nausea, vomiting, and abdominal distention continued overnight into November 17, 2019. Nursing assessment records from the morning of November 17, 2019 confirm that Mr. Short continued to exhibit a firm, distended abdomen with abdominal pain/tenderness.

22. On November 17, 2019, despite Mr. Short's worsening complaints of nausea, vomiting, and abdominal distention, physicians advanced Mr. Short to a regular diet and discharged the patient home. The most recent lab values available at the time of discharge as stated

in the physician discharge summary documentation confirm that Mr. Short's WBC level had again risen over the last 24 hours from a 10.8 to a 17.84.

23. On the afternoon of November 17, 2019, Mr. Short was taken home by his wife. Once home, Mr. Short's nausea/vomiting and abdominal distention continued.

24. On November 18, 2019, Mr. Short received a follow-up telephone call from a nurse at the VA Medical Center – Nashville to check on patient's post-discharge status. Nursing documentation confirms that the patient reported to the nurse that he "felt terrible" at that time. At the conclusion of that six-minute telephone call, the nurse instructed Mr. Short to follow-up with his primary care physician as originally planned on November 22, 2019 in order to re-evaluate his low calcium levels. The nurse did not tell Mr. Short to return to the VA Medical Center or otherwise seek emergency care.

25. In light of his continuing symptoms and failure to improve, Mr. Short decided in the early morning hours of November 19, 2019 that he needed to return to the emergency department. As Plaintiff, Rene Short, was driving her husband to the emergency room in the early morning hours of November 19, 2019, he began to vomit profusely causing him to aspirate vomit. Despite Mrs. Short pulling the vehicle over, calling 911, and her efforts to resuscitate her husband, Mr. Short died in front of his wife on the side of the road. Medical examiners listed his cause of death as "Aspiration of Vomitus."

## NEGLIGENCE

26. At all times pertinent hereto, all of the providers who rendered treatment and services to Jeffery Short during the above-described admission to the VA Medical Center – Nashville were employees and/or agents of the United States of America and/or persons subject to the Defendant's right of control, including substantial supervision and direction over their day-to-

day activities, and who were acting within the course and scope of that employment, agency, and control such that the Defendant is vicariously responsible for any and all acts and/or omissions committed by said providers.

27. The Defendant, United States of America, by and through its employees and agents in their treatment and care of Mr. Short during the above-described hospital admission, is guilty of committing the following acts and omissions constituting negligent deviations from the recognized standard of acceptable professional practice applicable to said healthcare providers practicing in the Nashville, Tennessee and similar medical communities for the time period at issue, which directly and proximately resulted in the death of Jeffery Short:

    A. Defendant failed to provide appropriate and reasonable medical care to Mr. Short;

    B. Defendant failed to appreciate the seriousness of Mr. Short's medical conditions and overall worsening medical presentation and clinical portrait;

    C. Defendant mismanaged and/or caused the mismanagement of the treatment rendered to Mr. Short in the course of his hospital admission;

    D. Defendant failed to address, evaluate, and treat Jeffery Short's persistent and/or worsening conditions including but not limited to his persistent nausea and vomiting, worsening abdominal distention, his unexplained, persistent tachycardia, and his rising WBC and Absolute Neutrophil levels;

    E. Defendant discharged Jeffery Short from the hospital at a time when it was inappropriate and unsafe to do so; and

    F. Defendant, upon learning of Mr. Short's unimproved condition and complaints of feeling terrible on November 18, 2019, failed to instruct Mr. Short that he should

seek emergency medical attention and/or return to the hospital and, instead, instructed him to follow up with his primary doctor as scheduled four days later.

28. Had Mr. Short not been discharged on November 17, 2019, he likely would not have suffered an aspiration of vomit on November 19, 2019 causing his death.

29. Had Mr. Short been instructed to return to the VA Medical Center – Nashville or otherwise seek emergency medical attention on November 18, 2019, he likely would not have died on the following morning.

30. As a direct and proximate result of the foregoing negligent acts, omissions, and failures, Jeffery Short suffered pain, fright, anguish, distress, loss of enjoyment of life, and ultimately a painful death. Further, the Plaintiff, along with all other wrongful death beneficiaries, has suffered and will continue to suffer damages in the form of the loss of pecuniary value of Jeffery Short's life, including but not limited to the loss of love, affection, society, companionship, consortium, services, support, and earning capacity during the life of Jeffery Short had he survived.

## COMPLIANCE WITH
## TENN. CODE ANN. § 29-26-101 *Et Seq.*

31. On July 1, 2020, Plaintiff sent formal Notice of this claim for healthcare liability complying with Tenn. Code Ann. § 29-26-121 to the named Defendant in this case. The Affidavit of Mailing evidencing such is attached hereto as Exhibit A to the Complaint. It has now been more than sixty (60) days since the Notices were mailed and delivered to the Defendant. Exhibit A, in addition to the Affidavit of Mailing, includes complete and accurate copies of the letter providing Notice to the Defendant of this claim for healthcare liability and dated Certificates of Mailing issued by the United States Postal Service in compliance with Tenn. Code Ann. §29-26-121.

32. Pursuant to Tenn. Code Ann. §29-26-122, Plaintiff submits Exhibit B to the Complaint which is Plaintiff's Certificate of Good Faith evidencing compliance with said Statute.

33. WHEREFORE, Plaintiff demands judgment against the Defendant in an amount which fairly and adequately compensates Plaintiff for all harms, losses, and damages. Plaintiff prays for all such further and general relief to which she may be entitled including all costs and taxes of this Cause.

Respectfully Submitted:

THE MATTHEWS FIRM, PLLC

BY: *(signature)*

R. HOLLAND MATTHEWS,
TN BPR No. 030486
RICHARD T. MATTHEWS,
TN BPR No. 006680
700 North Main Street
Columbia, TN 38401
(931) 381-2460
holland@matthewsinjurylaw.com
Attorneys for Plaintiff

9

Case 3:21-cv-00113   Document 1   Filed 02/12/21   Page 9 of 9 PageID #: 9